## Pauline Tischler, Defendant in Error, v. Erie Railroad Company, Plaintiff in Error.

### Gen. No. 18,654.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES E. JENNINGS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed December 2, 1913.

### Statement of the Case.

Action by Pauline Tischler against the Erie Railroad Company, a corporation, to recover for the loss of certain articles alleged to have been accepted and checked by defendant at Ellis Island for shipment therefrom to Rockford, Illinois. The affidavit of merits denied that the goods were lost, that there was a total damage, that they were of the value alleged, and claimed that they did not constitute personal baggage and were not knowingly accepted and checked as such. From a judgment for plaintiff for three hundred and twenty-five dollars, defendant brings error.

W. O. JOHNSON and BULL & JOHNSON, for plaintiffs in error; ARTHUR S. LYTTON, of counsel.

C. S. EVERETT, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 396*—*when knowledge of market value is insufficient.* Testimony to the value of articles by one who did not know the market value of them, is incompetent.

2. CARRIERS, § 565*—*when evidence of market value of lost baggage is necessary.* Where in an action against a carrier for loss of personal baggage it is apparent that the articles had a market value, a verdict for the plaintiff cannot be sustained where there is no competent evidence of the market value.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

3. CARRIERS, § 544*—*when goods received as baggage.* Where an immigrant receives a baggage check for a basket trunk and a bundle from the railroad company selling her a ticket and they are sent through to the point of destination, in the absence of proof to the contrary it cannot be questioned that the check came from an authorized agent and that the goods were received as baggage.

4. CARRIERS, § 541*—*when responsible in accepting articles as baggage.* A railroad company accepting from an immigrant as baggage a bundle done up in a waterproof sack of heavy goods and tied with heavy ropes is responsible for the articles as if they were personal baggage.